## Logsdon v. Commonwealth.

(Decided October 3, 1930.)

BURNAM & GREENLEAF for appellant.

J. W. CAMMACK, Attorney General, and SAMUEL B. KIRBY, Jr., Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

On July 19, 1929, M. A. Logsdon shot and killed Andy Warren. Upon his trial under an indictment for murder, he was found guilty of manslaughter and his punishment fixed at 15 years in the penitentiary. The sole ground urged for reversal is that the instruction defining the right of an officer in making an arrest is erroneous.

Logsdon was a constable of Madison county, and on the night of the killing was employed by a carnival company to police its grounds at Richmond, Ky. About 10 o'clock p. m., Warren appeared at the gate of the carnival in a somewhat intoxicated condition and attempted to enter without paying the admission charge of 10 cents. Appellant and an employee of the carnival company stopped him, whereupon he offered them a drink and produced a bottle from his pocket which contained liquor.

Appellant did not arrest him, but told him to move on; that he was an officer; and that no one having liquor on his person would be permitted on the grounds. Warren made a comment disrespectful of officers, whereupon appellant took the bottle from him and handed it to the gatekeeper. At the same time he took hold of Warren's arm. Warren broke away from appellant and ran. Appellant claims that Warren struck him and knocked him down, but most of the witnesses who were present say that Warren merely jerked Logsdon down when he broke away. Warren ran behind a parked automobile and then down a fence toward a pond with appellant in pursuit. When Warren reached a point near the pond appellant fired one shot. The bullet struck Warren in the back under the left shoulder blade and passed out through his mouth. He died a few hours later in a hospital in Richmond. Warren fell near or in the pond, and some of the witnesses for the commonwealth testified that when appellant arrived where Warren was lying he kicked him, cursed him, and told him to get up, that he was not hurt. A pistol was found in Warren's inside coat pocket.

The instruction complained of is substantially in the language of the instruction prepared by this court in Maggard v. Commonwealth, 232 Ky. 10, 22 S. W. (2d) 298. It is insisted that the instruction is erroneous in that it left to the jury to determine whether or not Warren was drunk or unlawfully had intoxicating liquor in his possession in the presence of appellant, and whether or not appellant had arrested Warren and had him in custody, and also whether or not Warren did forcibly resist arrest when there was no conflict in the testimony on any of these questions. And it is argued that the only disputed fact which should have been left to the determination of the jury was whether or not appellant was justified in shooting Warren to prevent his escape. In Anderson v. Commonwealth, 232 Ky. 159, 22 S. W. (2d) 599, it was held that merely running away from an officer to avoid arrest did not constitute a felony under section 1148a-7, Kentucky Statutes. There is some doubt under the evidence whether or not Warren had actually been arrested for drunkenness or unlawfully having liquor in his possession and also as to the amount of force used by Warren in breaking away from appellant. These questions, therefore, were properly submit-

ted to the jury. It was for the jury to say whether or not under the circumstances Warren had committed a felony in the presence of the officer and, if so, whether the officer was justified in shooting him to prevent his escape.

Finding no error prejudicial to appellant's substantial rights, the judgment is affirmed.